# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 15, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| DREW PEARCE, * | UNPUBLISHED |
| * | |
| Petitioner, * | No. 22-1362V |
| * | |
| v. * | Special Master Nora Beth Dorsey |
| * | |
| SECRETARY OF HEALTH * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * * | |

Nathan Joseph Marchese, Siri & Glimstad, LLP, Los Angeles, CA, for Petitioner.
Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 23, 2022, Drew Pearce ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that he sustained an anaphylactic reaction and serious respiratory injury as a result of an influenza vaccination administered on September 26, 2019. Petition at Preamble (ECF No. 1); Amended Petition at Preamble (ECF No. 48).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

On January 1, 2025, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys and paralegals who worked on his case. Petitioner's Motion for Interim Attorneys' Fees and Costs ("Pet. Mot."), filed Jan. 1, 2025 (ECF No. 68). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $42,486.50
**Attorneys' Costs** – $12,926.38

Petitioner thus requests a total of $55,412.88. Respondent filed his response on January 13, 2025, stating that he "defers to the Special Master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Jan. 13, 2025, at 2 (ECF No. 72). Petitioner did not file a reply.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards **$52,859.06** in attorneys' fees and costs.

I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears to have been brought in good faith and on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid and where counsel is no longer the counsel of record.

A.   Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent

2

and without providing the Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

1. **Hourly Rates**

Here, Petitioner requests the following hourly rates for the attorneys and paralegals from his firm who worked on this matter:

**Andrew D. Downing – Attorney**
  2022-2023: $445.00
  2024: $485.00

**Courtney Jorgenson (formerly Van Cott) – Attorney**
  2024: $375.00

**Ann Allison – Attorney**
  2022-2023: $415.00
  2024: $435.00

**Paralegals**
  2022-2023: $155.00
  2024: $175.00

The undersigned finds that Ms. Allison's 2022-2024 rates, Ms. Jorgenson's 2024 rates, and the 2023-2024 rates for Mr. Downing and paralegals reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work.  See, e.g., Franceschi v. Sec'y of Health & Hum. Servs., No. 21-0468V, 2023 WL 4270835, at *2 (Fed. Cl. Spec. Mstr. May 30, 2023) (awarding Mr. Downing and paralegals the above rates for 2023); Martin v. Sec'y of Health & Hum. Servs., No. 22-384V, 2025 WL 996725, at *2 (Fed. Cl. Spec. Mstr. Feb. 27, 2025) (awarding Mr. Downing and the paralegals the above rates for 2023-2024, Ms. Allison the above rates for 2022-2024, and Ms. Jorgenson the above rates for 2024).  The undersigned will therefore award these rates in full.

However, the 2022 rates for Mr. Downing and the paralegals require adjustment.  Upon changing law firms in July 2022, Mr. Downing and the paralegals increased their rates from July 2022 through the remainder of 2022, reflecting an hourly increase of $30.00 for Mr. Downing

and $20.00 for the paralegals.  See Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9228198, at *2 (Fed. Cl. Spec. Mstr. Dec. 18, 2023).

It is the undersigned's practice, and that of other special masters, to award one rate for a calendar year, with adjustments to the hourly rate made only in a succeeding year.  See, e.g., Franceschi, 2023 WL 4270835, at *2 (explaining "it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances"); Pryor v. Sec'y of Health & Hum. Servs., No. 18-1288V, 2022 WL 17973236, at *4 (Fed. Cl. Spec. Mstr. Nov. 29, 2022).  This rate increase from these attorneys and paralegals has consistently been rejected by this Court.  See, e.g., Wakileh, 2023 WL 9228198, at *2; Franceschi, 2023 WL 4270835, at *2; Cowles v. Sec'y of Health & Hum. Servs., No. 16-1164V, 2023 WL 5786448, at *2 (Fed. Cl. Spec. Mstr. July 28, 2023); Rossiter v. Sec'y of Health & Hum. Servs., No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec. Mstr. May 10, 2023); Switzer v. Sec'y of Health & Hum. Servs., No. 18-1418V, 2023 WL 3580593, at *2 (Fed. Cl. Spec. Mstr. May 22, 2023).

Thus, the undersigned adjusts the rates as follows: Mr. Andrew Downing will be awarded $415.00 per hour for all work performed in 2022, and the paralegals will be awarded $135.00 per hour for all work performed in 2022.  These rates are consistent with what the undersigned has previously awarded for Mr. Downing and the firm's paralegals, and these rates are consistent with decisions from other special masters.  See, e.g., Coons v. Sec'y of Health & Hum. Servs., No. 20-1067V, 2022 WL 2294213, at *6-7 (Fed. Cl. Spec. Mstr. May 19, 2022) (awarding these rates for Mr. Downing and the paralegals); Wakileh, 2023 WL 9228198, at *2 (reducing 2022 rates for Mr. Downing and paralegals); Franceschi, 2023 WL 4270835, at *2 (same); Pryor, 2022 WL 17973236, at *4 (same); Vizcarra v. Sec'y of Health & Hum. Servs., No. 20-488V, 2023 WL 5935744, at *7-8 (Fed. Cl. Spec. Mstr. Aug. 18, 2023) (same).  This results in a reduction of $360.00.[3]

### 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989).  Petitioner bears the burden of documenting the fees and costs claimed.

The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness.  However, upon review of the submitted billing records, the undersigned finds a reduction is needed for several reasons.

---

[3] (($445.00 - $415.00) x 3.2 hours = $96.00) + (($155.00 - $135.00) x 13.2 hours = $264.00) = $360.00.

First, there are numerous instances of billing for noncompensable administrative tasks, including filing documents, preparing exhibits and medical records, and preparing documents for signature.[4]  It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted.  See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them.").  The preparation of records and exhibits for filing has repeatedly been deemed administrative and thus noncompensable.  See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and noncompensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same).  Filing exhibits are also considered administrative tasks.  See, e.g., Wakileh, 2023 WL 9228198, at *3.

Next, some entries have multiple tasks and constitute block billing, where noncompensable administrative tasks are included.  For example, on October 26, 2022, Ms. Avery billed 0.9 hours for "[p]repare medical records for filing with the Court; draft Notice of Filing Exhibits 1-9; draft to ADD for review and approval."  Pet. Mot., Ex. A at 2.  While Ms. Avery may bill for drafting documents, preparing medical records for filing is a noncompensable task.  It is impossible to determine how much time was expended to each individual task in the above entry and similar entries.  Thus, the undersigned is unable to discern the time spent on compensable versus noncompensable tasks.

"It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable."  Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell, 18 Cl. Ct. at 760; see also Broekelschen, 102 Fed. Cl. at 729.  Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is disfavored in the Program.  See, e.g., Broekelschen v. Sec'y of Health & Hum. Servs., No. 07-137V, 2008 WL 5456319, at *4 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (noting blocking time is criticized in the vaccine program and the lack of more specific information will be considered in evaluating the time); Plott v. Sec'y of Health & Hum. Servs., No. 92-0633V, 1997 WL 842543 at *3 (Fed. Cl. Spec. Mstr. Apr. 23, 1997) (noting time recorded in "blocks" as unhelpful in determining if attorney's time spent was reasonable); Schwenn v. Sec'y of Health & Hum. Servs., No. 15-1148V, 2018 WL 945791, at *3 (Fed. Cl. Spec. Mstr. Jan. 23, 2018) (cautioning counsel that block-billed time may not be compensated in future motions).

---

[4] See Pet. Mot., Exhibit ("Ex.") A at 2-5, 11, 13-14 (billing entries for "file Petition and Cover sheet," "file Notice of filing," "file PAR Medical History Questionnaire," "file Statement of Completion," "Prepare medical records for filing with the court," "prepare for transmittal to client via Docusign," "prepare for transmittal via Sharefile," "Prepare Expert Report for filing with the Court").  This is not a comprehensive list.

In addition, the billing records contain excessive billing entries. First, the paralegals frequently billed for the receipt and review of documents.[5] For example, on October 15, 2024, Ms. Perez billed 0.3 hours for "[r]eceive and review ECF Notification; Status Conference Order, memo to file." Pet. Mot., Ex. A at 18. Upon review of the docket, the undersigned finds billing almost twenty minutes for a non-PDF CM-ECF notification consisting of less than fifty words is excessive. Other special masters have previously found paralegal billing entries from Mr. Downing's firm to be excessive, particularly for the routine receipt and review of documents. In Moran, Ms. Avery (a paralegal in the present case) consistently billed 0.2 hours for the receipt and review of Court notifications, including ECF filings, notice of reassignment, and more. See Moran v. Sec'y of Health & Hum. Servs., No. 16-0538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). As a result, Special Master Oler found Ms. Avery's hours to be "excessively inflated," which along with similar issues—such as billing for administrative tasks, block billing, and duplicative entries—resulted in a 15% reduction in attorney's fees. Id.

Next, Mr. Malvick, a paralegal, had a series of 0.4 hour billing entries for drafting HIPAA authorization letters to various medical providers. See Pet. Mot., Ex. A at 7, 10, 13. In the undersigned's experience, researching and completing a standardized HIPAA medical record authorization form—which typically requires minimal adjustment per provider—does not justify billing nearly twenty-five minutes per letter. As such, the undersigned finds the time billed for these repetitive tasks excessive. Other special masters have found similar billing practices for medical records requests excessive. See, e.g., Puckett v. Sec'y of Health & Hum. Servs., No. 18-564V, 2020 WL 8509735, at *2 (Fed. Cl. Spec. Mstr. Dec. 7, 2020) (finding billing 0.5 hours for record requests excessive and noting such tasks typically take half the time).

Finally, the billing entries contain multiple instances of duplicative billing. For example, on November 18, 2024, Benjamin Downing[6] billed 0.7 hours to "Attend Rule 5 Conference." Pet. Mot., Ex. A at 18. The undersigned notes that Mr. Downing billed 0.7 hours on the same day as Benjamin Downing to "Attend Rule 5 Conference with SM Dorsey and DOJ." Id. These entries billed on the same day show that Mr. Downing and Benjamin Downing attended the same proceeding. However, the billing records do not reflect any substantive or distinct contribution from Benjamin Downing that would justify separate billing. As such, this appears to be a duplicative charge. Special masters have previously reduced Mr. Downing's interim fees where multiple professionals attended the same hearing finding such billing practice are duplicative. See, e.g., Madigan v. Sec'y of Health & Hum. Servs., No. 14-1187V, 2021 WL 1626621 (Fed. Cl. Spec. Mstr. Apr. 1, 2021).

---

[5] See, e.g., Pet. Mot., Ex. A at 10, 18 (billing 0.3 hours for "finalize and file Notice of Filing; receive and review Court's ECF notification; memo to file re: completion" and billing 0.3 hours for "Receive and Review Court's ECF notification; Order Granting Motion to Strike").

[6] Petitioner does not identify Benjamin Downing's role or qualifications in the present application for attorneys' fees; however, Benjamin Downing is described as a "legal intern" in prior decisions. See, e.g., Byrd v. Sec'y of Health & Hum. Servs., No. 20-1476V, 2023 WL 8948076, at *4 (Fed. Cl. Spec. Mstr. Sept 8, 2023).

An additional instance of duplicative billing appears on January 1, 2025, when both Ms. Perez and Mr. Malvick submitted separate billing entries with identical descriptions. Pet. Mot., Ex. A at 18-19 ("Prepare file for transfer to new counsel including Emails; Correspondences; Pleadings; Documents; ensure all is complete; correspondence to new counsel re: status of case and any upcoming deadlines"). The lack of specificity makes it difficult to determine whether these entries reflect separate tasks or duplicative billing and assess for reasonableness. Petitioner has not explained why multiple paralegals needed to work on the same matter, and Mr. Downing's firm's attorneys' fees were reduced for duplicative paralegal billing in the past. See, e.g., Wingerter ex rel. H.W. v. Sec'y of Health & Hum. Servs., No. 20-1408V, 2022 WL 1843522, at *14 (Fed. Cl. Spec. Mstr. May 17, 2022) (finding more than one paralegal doing "the same work" duplicative); Roscoe v. Sec'y of Health & Hum. Servs., No. 11-206V, 2021 WL 3746783, at *9 (Fed. Cl. Spec. Mstr. July 30, 2021) (same). The undersigned finds the above practice of billing duplicative.

The undersigned has previously found it reasonable to reduce attorneys' fees awards due to duplicative billing. See Lord v. Sec'y of Health & Hum. Servs., No. 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016); Ericzon v. Sec'y of Health & Hum. Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); Sexton v. Sec'y of Health & Hum. Servs., No. 99-453V, 2015 WL 7717209 (Fed. Cl. Spec. Mstr. Nov. 9, 2015); Mostovoy, 2016 WL 720969; Sabella, 86 Fed. Cl. at 214-15 (affirming the special master's reduction of fees where multiple attorneys attended and billed the same status conference). The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys work on one case.

Each of these issues—billing for noncompensable administrative tasks, block billing, excessive billing, and duplicative billing—have previously been raised with these attorneys and paralegals. See, e.g., Wakileh, 2023 WL 9228198, at *3 (reducing for non-compensable administrative tasks and excessive review of filings); Coons, 2022 WL 2294213, at *7 (same); Goff v. Sec'y of Health & Hum. Servs., No. 17-0259V, 2019 WL 3409976, at *3 (Fed. Cl. Spec. Mstr. Mar. 29, 2019) (finding entries contain block billing and duplicative billing); Fiske v. Sec'y of Health & Hum. Servs., No. 17-1378V, 2022 WL 2303800, at *7 (Fed. Cl. Spec. Mstr. Apr. 20, 2022) (finding block billing in Mr. Downing's firm); Hendrix v. Sec'y of Health & Hum. Servs., No. 20-868V, 2024 WL 1989031, at *8 (Fed. Cl. Spec. Mstr. Apr. 11, 2024) (finding duplicative billing).

Given the above-mentioned issues, the undersigned finds a reduction of 5% from the total fees request reasonable and appropriate. This results in a further reduction of $2,106.32.[7]

**B.     Attorneys' Costs**

    **1.     Expert Fees**

Petitioner requests a total of $11,759.86 in expert fees for work performed by Dr. Pramod Krishnamurthy, a board-certified pulmonologist and critical care physician. See Pet. Mot., Ex. A

---

[7] ($42,486.50 - $360.00) x 0.05 = $2,106.325. The undersigned rounded down.

at 20, 50-55, 58, 61-63. Dr. Krishnamurthy billed a total of 24.6 hours: 23.35 hours at a rate of $500.00[8] per hour for substantive work—including medical record review, discussion with attorneys, and preparation of the expert report—and billed 1.25 hours at a lower rate of $70.00 per hour for the setup and organization of case files. Id. at 54, 62. Petitioner submitted adequate documentation for expert fees to be considered.

Dr. Krishnamurthy's hourly rate has not been previously awarded in the program. The undersigned will award Dr. Krishnamurthy the requested rate of $500.00 per hour considering his credentials and quality of the work he submitted. The undersigned notes that special masters have awarded similar amounts to other pulmonologists that have participated in the Program. See, e.g., Kearns v. Sec'y of Health & Hum. Servs., No. 18-654V, 2022 WL 4501355, at *4 (Fed. Cl. Spec. Mstr. Aug. 19, 2022) (awarding pulmonologist a $400.00 hourly rate); Green v. Sec'y of Health & Hum. Servs., No. 16-008V, 2021 WL 1010727, at *3-4 (Fed. Cl. Spec. Mstr. Feb. 23, 2021) (awarding a pulmonologist hourly rates of $450.00 and $500.00). The undersigned also finds the total number of hours billed reasonable for filing two expert reports.

However, the undersigned finds a small reduction is necessary. Dr. Krishnamurthy billed 1.25 hours at a rate of $70.00 per hour for "Admin: initial setup and organization of case files." Pet. Mot., Ex. A. at 54. While Dr. Krishnamurthy billed at a lower rate, such tasks are not compensable under the Program for attorneys *or* experts. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul, 2023 WL 1956423, at *3 (citing McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Organization of case files is repeatedly rejected by this court as a compensable task. See Walters Sec'y of Health & Hum. Servs., No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (reducing hours for entries containing various administrative entries, including organizing files); Matzner v. Sec'y of Health & Hum. Servs., No. 22-323V, 2025 WL 1453581, at *2 (Fed. Cl. Spec. Mstr. Mar. 27, 2025) (same). And special masters have previously reduced expert fees for containing administrative billing entries. See, e.g., Dempsey v. Sec'y of Health & Hum. Servs., No. 04-394V, 2017 WL 6343870, at *9 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (reducing expert fees after finding administrative tasks in billing entries); Walters, 2022 WL 1077311, at *6 (same). As a result, the undersigned will reduce Dr. Krishnamurthy's fees by $87.50.

### 2. Miscellaneous Costs

Petitioner also requests $1,166.52 for miscellaneous costs, including the filing fee, medical records requests, and postage. Pet. Mot., Ex. A 19-49, 56, 60. Petitioner has provided adequate documentation supporting these costs and the undersigned will award them in full.

---

[8] The undersigned notes that Dr. Krishnamurthy's invoices do not reflect a $500.00 hourly rate based on the total bill and the number of hours worked. See Pet. Mot., Ex. A at 54 (reflecting $499.98 hourly rate—rounding up); Pet. Mot., Ex. A at 58 (reflecting $498.36 hourly rate). The undersigned will base her award on the total expert cost requested.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $42,486.50 |
| Reduction of Attorneys' Fees: | - ($2,466.32) |
| Awarded Attorneys' Fees: | $40,020.18 |
| | |
| Requested Attorneys' Costs: | $12,926.38 |
| Reduction of Attorneys' Costs: | - ($87.50) |
| Awarded Attorneys' Costs: | $12,838.88 |
| **Total Attorneys' Fees and Costs:** | **$52,859.06** |

**Accordingly, the undersigned awards:**

**Petitioner is awarded interim attorneys' fees and costs in the total amount of $52,859.06, to be paid through an ACH deposit to Petitioner's former counsel, Mr. Andrew D. Downing's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[9]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.